UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

CASE: 2:23

THEODORE KEITH GRIFFIN,

Petitioner,

V.

FOURTH DISTRICT COURT OF
APPEAL, STATE OF FLORIDA, and the

19TH JUDICIAL CIRCUIT COURT OF
FLORIDA, and the

CLERK, LONN WEISSBLUM,
FOURTH DISTRICT COURT OF APPEALS
et al. Respondent(s)

FILED BY ___ D.C.

SEP 08 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

---

## PETITION FOR PERMANENT INJUNCTION / DECLARATORY RELIEF

NOW COMES the Petitioner, Theodore Keith Griffin, in Forma Pauperis, Propria Personam, and moves under U.S.C.S. 28 § 2201 (a), and Fed. R. Civ. P. 57, and in support thereof, will show the following.

7

## A. BACKGROUND

On or about Friday, JAN 13, 2023, the Petitioner was traveling on interstate I-95 towards Miami, with his girlfriend, Ms. Brooks, stepson ExBc, a 4 year-old minor child, and 2 female associates, Ms. Holmes and Ms. Mixson in a rental car he boworred from a friend.

At approx. 16:41 hours, the (MCSO) was dispatched on the run in reference to a hired turo app motor vehicle, a 2013 silver 4 door Mit, Lancer, The vehicle was picked up on JAN 4, 2023 and was supposed to be returned on JAN 5, 2023.

Due to the Polcy & Pratice of the (MCSO) of PIT maneuving a civilian, who is not presenting a threat of immediate harm to others in .08 seconds of the traffic stop, & is unable to understand & comply with officers' in unmarked and marked vehicles lights & sirens due to mental illness — are extreme deprivations violating the broad & idealistic concepts of dignity, civilized standards, humanity, & decency embodied in the 8th Amendment.

When the D/s pitted the vehicle, it went off the roadway and struck a concrete curb and hit a palm tree in a ditch-full-of-trees on the driver's side door, at the intersection of SW Kanner HWY / I-95 interchange, going 40 M.P.H., the Petitioner was Knocked unconscience, and suffered both psychological & physical injuries.

When Petitioner became conscience again, he suffered traumatic brain injury from the collision, and memory loss. When he arrived at Lawnwood Medical Center located in Ft. Pierce, Florida, he was informed by Det. Harrigan of the Port St. Lucie Police Deplt (PSLPD) of his misidentification of being an wanted BM subject by the (MCSO) and (PSLPD) of the name Campbell Logan. On JAN 17, 2023, after undergoing emergency surgery to repair his broken

left arm, Mr. Griffin was transported to the Martin County Jail, and inter alia, booked in error, under the wrong name of Campbell Logan, with five outstanding warrants.

The State Attorney Office of the 19th Jud. Cir. of Florida, E-Filed Information on 02/03/2023. Mr. Griffin was brought before the L.T. court on FEB 28, 2023, and charged as Mr. Campbell Logan with 3 Felony counts, and 1 misdem. Id.

## MEMORANDUM OF LAW IN SUPPORT OF PERMANANT INJUNCTION

1. See Swain v. Junior, 961 F.3d 1276, a prelimary injunction is an extraordinary remedy never awarded as of right.

2. In order to obtain (1), a party must establish a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever the proposed injury may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest.

3. See also Alabama v. United States Corps of Eng'rs, 424 F.3d 1117, any motion or suit for either a preliminary or permanent injunction must be based upon a cause of action, such as a constitutional violation, a trespass, or a noisance.

4. There is no such thing as a suit for traditional injury in the abstract.

5. For a traditional injury to be even theoretically available, a

3

plaintiff must be able to articulate a basis for relief that would withstand scrutiny under Fed. R. Civ. P. 12 (b)(6).

6. An injunction is a remedy potentially available only after a plaintiff can make a showing that some independent legal right is being infringed.

7. If a plaintiff's rights have not been violated, he is not entitled to any relief, injunction or otherwise.

Count 1. Denial of Access to the Court

See Pet. (Exh A) and (Exh B), the law was clearly established on AUG 8, 14 2023 that state inmates "have a constitutionally protected right of access to the courts that is rooted in the Petition Clause of the 1st Amendment & the Due Process Clause of the 14th Amendment." De Marco v. Davis, 914 F.3d 383, 387 (5th Cir. 2019) (internal quotation marks omitted); see also Pink v. Lester, 52 F.3d 73, 76 (4th Cir. 1995).

See Petitioner Exhibits C, D, and E, when the respondents took the action they took on AUG 14 & 15, 2023 they violated Mr. Griffin's right to Petition the Court for a Writ of Prohibition, to correct an unjust incarceration, while acting under color of state law, Case No. 1'1D15-0006, see Pet. (Exh F), [Information E-Filed on 02/03/2023, the assistant state attorney Marcus Johnson, and the L.T. departed from

4

the essential requirements of law when they commenced the action in error, against Mr. Griffin in Campbell Logan's name, resulting in a miscarriage of justice, resulting in a material injury, petitioner has inter alia, suffered irreparable harm. (emphasis supplied).

Relief

The petitioner seeks an ORDER from this Hon. Court to enjoin the respondents Clerk, Lonn Weissblum, and the 4th District Court of Appeal, and enter its ORDER declaring a permanent injunction / declaratory relief to stop them from violating Mr. Griffin's 1st Amendment right under the Petition Clause, and his 14th rights under the Due Process Clause. Similarly, petitioner seeks an ORDER from this Hon. Court, declaring the respondent 19th Judicial Circuit Court, did irreparable harm, in contravention of Mr. Griffin's liberty interest secured under the Due Process Clause of the 14th Amendment, to prevent his unjust incarceration, the threatened injury to the movant outweighs whatever damage the proposed injury may cause the opposing parties; and Mr. Griffin's right to access the courts and liberty interest, if injunction is issued, the injury would not be adverse to the public interest.

Count 2. Deprivation of constitutional right to self-representation

The law was clearly established on Aug 14 & 15 2023 that the petitioner had the constitutional right to self-representation under the 6th Amendment. See Feratta v. Cal., 422 U.S. 806.

So when the Clerk and Court took the action they did acting under color

and authority of state law, see Exhibits D & E; they subjected Mr. Griffin to to the deprivation of his 6th Amendment right to self-representation.

## Relief

The petitioner seeks an permanent enjoining the respondents, and a ORDER from this Hon. Court declaring they violated Mr. Griffin's 6th Amendment constitutional right to proceed Pro Se in the court, and to stop them from infringing on his rights to prevent his unjust incarceration, he has suffered a "actual injury", nonfrivolous, "arguable underlying claim, the new policies have hindered his ability to pursue a nonfrivolous claim.

## Count 3. Denial of the Equal Protection of the Law

See Pet. (Exh 6), Acknowledgment of New Case, date June 14, 2023, 4DCA #: 23-1453, the law was clearly established on June 14, 2023, and on Aug 14 & 15, 2023, that No State shall deny any person within its territory jurisdiction, the Equal Protection of the Law. U.S. Const. XIV. Sec. 2.

So when the respondents took the action they took on June 14, 2023 of granting Campbell Logan access to the court, and then on Aug 14 & 15, 2023, denying Mr. Griffin access to the court, similar situated individuals, acting under color and authority of state law, they violated his 14th Amendments, rights, in contravention of the Equal Protection Clause. U.S. Const. amend. XIV. Sec. 2.

## Relief

Petitioner seeks a permanent injunction to enjoin the Clerk, Lonn Weissblum and the 4th DCA of Florida, respondents, and enter its ORDER declaring the acts under color and authority of state law, subjected Mr. Griffin on AUG 14 & 15, 2023 to the deprivation of the Equal Protection of law, in contravention of U.S. Const. amend. XIV. Sec. 2. Mr. Griffin has demonstrated to this Hon. Court the Four prongs of standing of an irreparable injury.

Count 4. Racial Slur / Impariality / Improper Comments by Prosecutor

The law was clearly established on March 28, 2023 that all defendants have a right to a speedy trial before an impartial jury secured by the <u>6th Amendment</u>

When the Hon. William L. Roby, while acting under color of state law on March 28, 2023 at my status hearing, during a sentencing hearing colloquy about 10:20 a.m., he made the following racial slur, I remember about 40 years ago I was traveling to the state of Montana with my best friend, "a black man", and when we got to the hotel lobby, everybody had guns on there side.

And then the prosecutor for the 19th Jud. Cir. comments by David Lustgarten when his approach to the bench to hand papers to the Clerk, "yes your "<u>Honor</u>" this is a "Buracecracy" ideology evidence of racial animum!

These comments would prompt a reasonable prudent person to fear that the judge is racially bias and impartial, and he could not receive a fair and impartial trial in the 19th Jud. Cir. Maclura v. Turosienski, 901 So. 2d 396 2005 Fla. App. LEXIS 6966 (Fla. 2nd DCA 2005) Cciting Knarich v. State, 866 So. 2d 165, 167 (Fla. 2nd DCA 2004)

7

Relief

The petitioner seeks an permanent injunction against the 19th Jud. Cir. Court of Florida, declaring the DeJure internal operations of the administration of "Buraecracy" is unconstitutionally Infirm with the administration of justice in a civilized society, and the requirements of the Constitution and the provisions of the 6th Amendment, and the Due Process Clause of the 14th Amendment, Sec. 1. He also seeks judicial sanctions against the Hon. William L. Roby, For the racial slur he made during the sentencing hearing on 3/28/2023, before the start of petitioner's status hearing, and any other further relief the Court deem proper.

Respectfully submitted,

By: S/ _Theodore Griffin_

Theodore Griffin
Petitioner, Pro Se, CFN#002640
800 SE Monterey Road
Stuart, Fl. 34994

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was Furnished via U.S. Mail service to all the parties on the Service List below, on this _21st_ day of August, 2023.

8

## SERVICE LIST

SERVED:

CC: Lonn Weissblum, Clerk      Clerk of Circuit Court - Martin
     Fourth District Court of Appeals

Hon. William L. Roby - Martin

Wit. 1. _LAlwon HAmpton_
     LAiwon HAmpton
     800 SE Monterey

Wit. 2. _Javaris Ford_
     Javaris Ford
     800 SE Monterey Rd

| Petitioner Signature | | CFN# 002640 | | Petitioner Name (Printed) |
s/ _____ | | | | Theodore Griffin

| Notary Signature | | Notary Name (Printed)
/s/ _____ | | J. Keating

**JOHN KEATING**
Commission # HH 049981
Expires October 4, 2024
Bonded Thru Budget Notary Services

By:/s/ _____
     Theodore Griffin
     Petitioner Pro Se

Theodore Griffin
800 SE Monterey Road
Stuart, Fl. 34994
CFN# 002640

U.S. District Court
Southern District of Florida
Office of the Clerk — Room 8N09
400 North Miami Avenue
Miami, Fl. 33128 - 7716

**LEGAL MAIL**

**ATTENTION**

This Letter originated from the Martin County
Jail. Inmate mail is not censored. The Sheriff
cannot assume responsibility for its content.