UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cv-14281-ALTMAN

**THEODORE KEITH GRIFFIN**,

    *Plaintiff*,

*v.*

**FOURTH DISTRICT COURT OF APPEAL**, *et al.*,

    *Defendants.*
_____/

## ORDER

The Plaintiff, Theodore Keith Griffin, is being prosecuted in the Nineteenth Judicial Circuit Court of Florida for "3 felony counts and 1 misdemeanor." Petition for Permanent Injunction/Declaratory Relief ("Petition") [ECF No. 1] at 3. Believing that his prosecution is unlawful, Griffin filed a "writ of prohibition" with Florida's Fourth District Court of Appeal ("Fourth DCA") "to correct an unjust incarceration" and to stop the State from prosecuting him. *Id.* at 4. The Fourth DCA didn't grant Griffin the relief he requested, so he's now filed this "Petition for Permanent Injunction/Declaratory Relief"—which asks us (1) to enjoin the Fourth DCA, the Nineteenth Judicial Circuit, the Fourth DCA's Clerk of Court, and his state-court trial judge from violating his constitutional rights, and (2) to declare that the Defendants "did irreparable harm" to him. *Id.* at 5. We find that the Defendants are immune from suit, and that, in any event, we must abstain from interfering in an ongoing state-court prosecution. We therefore **DISMISS** the Petition.

### THE LAW

The Court "*shall* review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A (emphasis added). A "prisoner" includes "any person incarcerated or detained in any facility who is . . . accused

of [or] convicted of . . . violations of criminal law." §1915A(c). In conducting its screening of a prisoner's complaint, the Court must "dismiss the complaint, or any portion of the complaint," when it is (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted;" or (2) "seeks monetary relief from a defendant who is immune from such relief." § 1915A(b).

To state a claim upon which relief may be granted, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level"—with "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Under this standard, legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Moreover, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (internal quotation marks omitted).

## ANALYSIS

Our first order of business is to properly categorize Griffin's pleading. "A *pro se* pleading is held to a less stringent standard than a pleading drafted by an attorney and is liberally construed." *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017). As part of our duty to "liberally construe" *pro se* pleadings, we "have an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *United States v. Jordan*, 915 F.2d 622, 624–25 (11th Cir. 1990). Here, Griffin *says* that he's bringing his "Petition" under 28 U.S.C. § 2201 and FED. R. CIV. P. 57 because he's seeking a judgment "declaring the *de jure* internal operations of the administration of 'bureaucracy' is unconstitutionally infirm with the administration of justice in a civilized society, and the requirements of the Constitution[.]" Petition at 8 (errors in original). But § 2201 only grants federal courts the power to "declare the rights and other legal relations of any interested party seeking such declaration"; it *doesn't* create an independent cause of action and thus *doesn't* authorize Griffin (or any other plaintiff) to bring

2

suit in federal court. 28 U.S.C. § 2201(a); *see also Kornegay v. Beretta USA Corp.*, 614 F. Supp. 3d 1029, 1037 (N.D. Ala. 2022) (Proctor, J.) ("Declaratory judgments and injunctions are not causes of action but, rather, are remedies tied to some other cause of action. . . . [T]he Declaratory Judgment Act does not supply an independent cause of action which may be asserted without mentioning the source of the law that creates the rights and legal relations the party wants the court to declare." (cleaned up)). And (it goes without saying) Rule 57 of the Federal Rules of Criminal Procedure isn't a federal statute and doesn't authorize *anyone* to bring *any* kind of claim in federal court. *See* FED. R. CIV. P. 57 (empowering district courts to promulgate local rules).

We find, instead, that Griffin is trying to assert his claims under 42 U.S.C. § 1983. A § 1983 action exists when a "defendant deprived [the plaintiff] of a right secured under the Constitution or federal law"—*provided that* the deprivation "occurred under color of state law." *Arrington v. Cobb Cnty.*, 139 F.3d 865, 872 (11th Cir. 1998). Griffin asserts four "counts" in his Petition: (1) that the Defendants "violated Mr. Griffin's right to Petition the Court for a Writ of Prohibition, to correct an unjust incarceration," *id.* at 4; (2) that the Defendants deprived Griffin of his "constitutional right to self-representation," *id.* at 5; (3) that Griffin's equal-protection rights have been violated because other "similar[ly] situated individuals" have access to the courts (but he doesn't), *id.* at 6; and (4) that the trial-court judge, Judge William Roby, is "racially bias[ed] and impartial [sic]," *id.* at 7. Because all of these claims are about state actors who (allegedly) violated Griffin's constitutional rights, we'll reconstrue Griffin's "Petition" as a civil-rights complaint under § 1983.

As an initial matter, all of the Defendants are immune from suit. "Judges are entitled to absolute judicial immunity . . . for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'" *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978)); *see also Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("Like other forms of official immunity, judicial immunity is an immunity from suit, not just from

ultimate assessment of damages."). Immunity applies "even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Bolin*, 225 F.3d at 1239. Since the failure of the Fourth DCA, the Nineteenth Judicial Circuit, and Judge Roby *either* to dismiss the charges against Griffin *or* to rule favorably on his writ of prohibition are quintessentially "judicial act[s]," *Sibley v. Lando*, 437 F.3d 1067, 1071 (11th Cir. 2005), Griffin cannot assert his claims against these Defendants.

The Clerk of the Fourth DCA, Lonn Weissblum, is also immune from suit—though for a slightly different reason. "Clerks of the court have absolute immunity for a narrow range of acts 'they are specifically required to do under court order or at a judge's direction, and only qualified immunity for all other actions for damages.'" *Darst v. Scriven*, 2023 WL 2401331, at *2 (11th Cir. Mar. 8, 2023) (quoting *Tarter v. Hury*, 646 F.2d 1010, 1013 (5th Cir. Unit A 1981)). Griffin doesn't tell us whether Weissblum was acting at the behest of a judge's orders or on his own initiative. *See generally* Petition. But that distinction doesn't matter here. In the former scenario, of course, Weissblum would be absolutely immune from suit. *See Darst*, 2023 WL 2401331, at *2 ("Thus, absolute quasi-judicial immunity applies when clerks act pursuant to court decrees or a judge's explicit instructions[.]").

Even in the latter scenario, however, Weissblum would enjoy absolute immunity. A clerk is entitled to absolute immunity when he "performs a function normally handled by a judge[.]" *Scott v. Dixon*, 720 F.2d 1542, 1546 (11th Cir. 1983); *see also, e.g.*, *Jenkins v. Clerk of Ct., U.S. Dist. Ct., S. Dist. of Fla.*, 150 F. App'x 988, 990 (11th Cir. 2005) (granting a clerk of court absolute immunity when "[t]he Clerk essentially performed the same action as a judge when the judge decides to enter or not enter a default judgment"). Griffin claims that Weissblum—like the other Defendants—refused to consider his writ of prohibition. *See* Petition at 5 ("The petitioner seeks an order from this Hon. Court to enjoin the respondents Clerk, Lonn Weissblum, and the [Fourth DCA], and enter its Order . . . to stop them from violating Mr. Griffin's [constitutional rights]."). Considering the merits of a party's pleading is (obviously) a function that's "normally handled by a judge," *Scott*, 720 F.2d at 1546, so Weissblum is

4

entitled to absolute immunity. Since each Defendant named in the "Petition" is absolutely immune from suit, Griffin has "fail[ed] to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).

One final point. We construed the Petition as a § 1983 complaint because Griffin is alleging that members of the judiciary (and their clerk) violated his constitutional rights. But we could also construe the Petition (in whole or in part) as a petition for a writ of habeas corpus under 28 U.S.C. § 2241, because it *implies* that Griffin's confinement is illegal. *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) ("This Court has held that a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.' He must seek federal habeas corpus relief (or appropriate state relief) instead." (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973))). Even if Griffin's Petition *did* fall within the ambit of § 2241, however, we would dismiss it under the abstention doctrine set out in *Younger v. Harris*, 401 U.S. 37 (1971)—which generally forbids federal courts from "interfer[ing] with pending state court criminal proceedings," *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1261 (11th Cir. 2004). To prevail under § 2241, then, Griffin would need to meet one of *Younger*'s three exceptions by showing that: "(1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised." *Id.* at 1263 n.6.

But Griffin doesn't suggest that any of these three exceptions might apply, *see generally* Petition, which is reason enough for us to abstain under *Younger*, *see United States v. Campbell*, 26 F.4th 860, 873 (11th Cir. 2022) ("[F]ailure to raise an issue in an initial brief . . . should be treated as a forfeiture of the issue, and therefore the issue may be raised by the court sua sponte [only] in extraordinary circumstances."); *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority."); *Hamilton v. Southland*

5

*Christian Sch., Inc.*, 680 F.3d 1316, 1319 (11th Cir. 2012) ("[T]he failure to make arguments and cite authorities in support of an issue waives it."); *In re Egidi*, 571 F.3d 1156, 1163 (11th Cir. 2009) ("Arguments not properly presented . . . are deemed waived.").

Nor could Griffin have shown that these three exceptions do apply.

*First*, a showing of "bad faith" requires a "substantial allegation" that the challenged prosecution was "brought with no intention of securing a conviction or with an intention to harass." *Hudson v. Hubbard*, 358 F. App'x 116, 118 (11th Cir. 2009) (citing *Younger*, 401 U.S. at 48). But Griffin "makes no allegation that the [Defendants] acted with the kind of impropriety envisioned by the first *Younger* exception." *Ibid. Second*, the mere fact that Griffin is being prosecuted (and being detained pending trial) isn't an "irreparable injury" under *Younger. See Kugler v. Helfant*, 421 U.S. 117, 124 (1975) ("[T]he cost, anxiety, and inconvenience of having to defend against a single criminal prosecution alone do not constitute 'irreparable injury' in the 'special legal sense of that term.'" (quoting *Younger*, 401 U.S. at 46)). *Third*, and notwithstanding Griffin's insistence that the state courts haven't properly considered his writ of prohibition, Florida's courts remain an adequate alternative forum for Griffin's constitutional claims because he isn't *procedurally barred* from raising them there. *See Pompey v. Broward Cnty.*, 95 F.3d 1543, 1551 (11th Cir. 1996) ("[F]or abstention purposes, whether a claim would likely be successful on the merits in the state court is not what matters. Instead, what matters is whether the plaintiff is *procedurally* prevented from raising his constitutional claims in the state courts[.]").[1] Since

---

[1] Griffin has attached to his Petition certain documents indicating that the Fourth DCA barred him from filing *pro se* pleadings. *See* Exhibits [ECF No. 1-1] at 4 ("We are unable to accept the enclosed filing. By order dated October 27, 2016, you were prohibited from filing any further pro se filings in this court."). And Florida courts *are* allowed to "prohibit[ ] further pro se attacks on his or her own conviction and sentence as a sanction for repeated and frivolous motions." *State v. Spencer*, 751 So. 2d 47, 48 (Fla. 1999). This *Spencer* sanction, however, has absolutely no impact on the adequacy of the state courts as a forum for Griffin's constitutional claims. A *pro se* plaintiff can easily circumvent the *Spencer* sanction if his pleadings are "signed by a licensed Florida attorney." *O'Connor v. Fla. Dep't of Corr.*, 2018 WL 10609960, at *7 (S.D. Fla. Sept. 11, 2018) (White, Mag. J.), *report and recommendation adopted*, 2018 WL 10609956 (S.D. Fla. Nov. 30, 2018) (Gayles, J.). And, because Griffin is facing criminal charges in state court, he has the absolute right "to have the Assistance of Counsel for his

*Younger* abstention is appropriate here, we likewise dismiss any claims in the Petition that *might* be construed as arising under § 2241.[2]

We therefore **ORDER AND ADJUDGE** that the Petition [ECF No. 1] is **DISMISSED** for its failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b). And, to the extent that the Petition arises under 28 U.S.C. § 2241, it's **DISMISSED** under *Younger*, and a COA will **NOT ISSUE**. All pending motions are **DENIED as moot**. The Clerk of Court shall **CLOSE** this case.

**DONE AND ORDERED** in the Southern District of Florida on September 14, 2023.



**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   Theodore Keith Griffin, *pro se*

---

defence." U.S. CONST. amend. VI. That Griffin has apparently waived his Sixth Amendment right to counsel isn't the same thing as saying that he's *procedurally barred* from challenging (in state court) the constitutionality of his state-court proceedings. *See Leonard v. Ala. State Bd. of Pharm.*, 61 F.4th 902, 908 (11th Cir. 2023) ("Adequacy in [the *Younger*] context is not about the quality of the state proceedings, but rather about whether the challenge *can be raised* in the pending state proceedings at all." (cleaned up)).

[2] If the Petition were brought under § 2241, we would also have to consider whether Griffin is entitled to a Certificate of Appealability ("COA"). *See Sawyer v. Holder*, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003) ("Based on the statutory language of 28 U.S.C. § 2253(c)(1), state prisoners proceeding under § 2241 must obtain a COA to appeal."). To deserve a COA, a petitioner must make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a district court has disposed of claims . . . on procedural grounds, a COA will be granted only if the court concludes that 'jurists of reason' would find it debatable both 'whether the petition states a valid claim of the denial of a constitutional right' and 'whether the district court was correct in its procedural ruling.'" *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001) (quoting *Franklin v. Hightower*, 215 F.3d 1196, 1199 (11th Cir. 2000)). Because reasonable jurists wouldn't debate the correctness of our decision to abstain under *Younger*, we **DENY** any request for a COA.